testator was in the act of making his testament his mind was subjugated to a will stronger than his own. See *Tawney v. Long,* 76 Pa. 106. We said in *Keen's Est.,* 299 Pa. 430, 435, 149 A. 737: " 'In order to constitute undue influence sufficient to void a will, there must be imprisonment of the body or mind, . . . fraud, or threats, or misrepresentations, or circumvention, or inordinate flattery, or physical or moral coercion, to such a degree as to prejudice the mind of the testator, to destroy his free agency and to operate as a present restraint upon him in the making of the will': *Phillips' Est.,* 244 Pa. 35, 43 [90 A. 457], [citing other cases]. . . . 'To sustain allegations of undue influence, contestants must show that testator's mind was under its control at the time and in the very act of making his will': *Tetlow's Est.,* 269 Pa. 486, 487 [112 A. 758]."

The decree is affirmed at appellant's cost.

Epstein, Appellant, *v.* Erie Indemnity Company.

Argued October 2, 1940. Before SCHAFFER, C. J., MAXEY, LINN, STERN and PATTERSON, JJ.

*Wm. Pollack,* of *Pollack & Pollack,* with him *Charles A. Mertens, Jr.,* for appellant.

*M. E. Graham* and *Gunnison, Fish, Gifford & Chapin,* for appellee, were not heard.

PER CURIAM, October 28, 1940:
On the argument at Bar, judgment affirmed.